**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANTONIE L. FORRESTER,**                                    CASE NO. 5:25 CV 710

     Petitioner,

     v.                                                             JUDGE JAMES R. KNEPP II

**WARDEN SHELBIE SMITH,**

     Respondent.                                        **MEMORANDUM OPINION AND
                                                                      ORDER**

Petitioner Antonie L. Forrester ("Petitioner), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1).[1] This case was referred to Magistrate Judge James E. Grimes, Jr. for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On October 22, 2025, Judge Grimes issued an R&R recommending the Court dismiss the Petition. (Doc. 16). Petitioner filed objections to the R&R. (Doc. 19).[2]

The Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and dismisses Petitioner's habeas Petition.

---

1 . As the R&R points out, in the caption of the Petition, Petitioner spelled his first name "Antonie", but signed the Petition as "Antoine." *See* Doc. 1, at 1, 46. The Court uses the spelling from the caption.

2. Petitioner also filed a contemporaneous Motion for Leave to Extend the Page Limit in his objections. (Doc. 18). The Court grants that Motion.

## BACKGROUND

This habeas case, filed on March 24, 2025,[3] stems from Petitioner's November 2022 conviction on a no contest plea to aggravated murder, aggravated robbery, aggravated burglary, murder, and felonious assault. *See* Doc. 1; *State v. Forrester*, 2023 WL 5529928 (Ohio Ct. App.) ("*Forrester I*") (opinion on direct appeal); *State v. Forrester*, 2024 WL 5003360 (Ohio Ct. App.) ("*Forrester II*") (opinion on post-conviction relief).

The present Petition raises twenty-two grounds for relief. *See* Doc. 1, at 14-44.

In his R&R, Judge Grimes recommends the Court find Grounds One and Two not cognizable as they challenge only errors in post-conviction proceedings. (Doc. 16, at 32-33). He recommends the Court find Grounds Three through Twelve procedurally defaulted because the Ohio appellate court denied as untimely Petitioner's December 2023 application to reopen and denied as untimely and successive Petitioner's January 2024 delayed application to reopen. *Id.* at 33-38. The R&R recommends the Court find Grounds Thirteen, Fourteen, and Twenty-two procedurally defaulted because Petitioner failed to appeal these grounds to the Ohio Supreme Court and the Ohio Supreme Court denied Petitioner's motion for leave to file a delayed appeal. *Id.* at 38-42. Finally, the R&R recommends Grounds Fifteen through Twenty-one procedurally defaulted because the state court found those claims barred by *res judicata*. *Id.* at 42-46.

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The

---

3. Pursuant to the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

### DISCUSSION

Petitioner filed Objections to the R&R, numbered one through six. (Doc. 19). Below, the Court addresses Petitioner's specific objections in turn.

3

Objection No. 1

In his first objection, Petitioner argues the Magistrate Judge was acting in a "bias[ed] and arbitrary" manner by ignoring the fact that Petitioner was a juvenile at the time of his offense and during the state court proceedings. (Doc. 19, at 1). He contends, in essence, that his age at the time should serve to excuse various procedural defaults. Petitioner presents this argument both as a standalone argument in his first objection, and throughout the remainder of his objections. *See id.* at 1-3, 11-12, 13-16, 18, 33-34.

At the outset, Petitioner did not explicitly present this argument to the Magistrate Judge. *See* Doc. 14. As "cause" to overcome various defaults to the Magistrate Judge, Petitioner focused on his purported mental illness and low average mental function, not his age specifically. *See* Doc. 14, at 8, 11, 14-16, 19-22.[4] Arguments raised for the first time in objections to a Magistrate Judge's ruling are forfeited. *See Doss v. Corizon Med. Corp.*, 2022 WL 1422805, at *2 (6th Cir.) (explaining that a party's argument "first raised . . . in his objections to the magistrate judge's report" was forfeited); *see also Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (finding that failing to raise arguments to the magistrate judge constituted waiver).

Second, even if the argument were properly before the Court, the state court record indicates Petitioner was seventeen on the date the charged crimes occurred—April 20, 2022. *See Forrester I*, 2023 WL 5529928, at *1; *Forrester II*, 2024 WL 5003360, at *1. And the state court docket contains Petitioner's birth date, reflecting that he turned eighteen in September 2022. *See State v. Forrester*, No. 2022 CR 1013 (Stark Cnty. Ct. C.P.). All three of the procedural defaults identified by the R&R post-date Petitioner reaching the age of majority. Indeed, Petitioner had

---

4. Petitioner did cite, without particular explanation or argument, some quotations regarding the decision-making capacity of adolescents. *See* Doc. 14, at 9.

already reached the age of majority at the time he entered his no contest plea in November 2022. *See* Doc. 16, at 35 (identifying, as basis for default, the denial of Petitioner's Rule 26(B) application as untimely); *id.* at 39 (identifying, as basis for default, that Petitioner did not appeal from the appellate court decision on direct appeal, and the Ohio Supreme Court's denial of Petitioner's subsequent motion for leave to file a delayed appeal). The third default identified, that Petitioner's claims were procedurally defaulted based on *res judicata* based on failure to raise them on direct appeal, additionally occurred while Petitioner was represented by counsel. Thus, Petitioner was not a minor at the time of the identified defaults and cannot rely on such to establish cause. *Cf., e.g.*, *Coleman v. Ryan*, 2018 WL 3543914, at *19 (D. Ariz.) ("[H]e was no longer a minor at the time his state remedies should have been exhausted. Moreover, Petitioner was represented by appointed PCR counsel throughout his two state PCR proceedings. Thus, Petitioner's minority was not the cause of his procedural defaults."), *report and recommendation adopted*, 2018 WL 353674.

Petitioner's first objection is therefore overruled.

Objection No. 2

In his second objection, Petitioner "objects to the Magistrate Judge's conclusion that Petitioner has not shown cause to excuse his procedural default of claims three through twelve." (Doc. 19, at 4) The Magistrate Judge recommends the Court find Grounds Three through Twelve, all ineffective assistance of appellate counsel claims, procedurally defaulted because the Ohio appellate court denied as untimely Petitioner's December 2023 application to reopen and denied as untimely and successive Petitioner's January 2024 delayed application to reopen. *See* Doc. 16, at 34). Petitioner objects to this conclusion, arguing the Magistrate Judge incorrectly found his arguments for cause unavailing.

First, the Magistrate Judge found Petitioner's assertion that his lack of a transcript of his suppression hearing did not demonstrate cause to overcome the default. (Doc. 16, at 34-35). Petitioner argues that this is incorrect, citing law regarding a criminal defendant's right to transcripts and the Ohio Rules of Professional Conduct. (Doc. 19, at 5-10). But Petitioner's arguments do not speak to the R&R's reasoning. To show cause, Petitioner must demonstrate "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Because, as the R&R explained, Ohio Appellate Rule 26(B) does not require a Petitioner to file transcripts with an application for reopening, Petitioner's lack of access to those transcripts did not impede his ability to timely file such an application. *See* Doc. 16, at 34-35.

Second, the Magistrate Judge found Petitioner's assertions regarding his lack of legal training and illiteracy insufficient to show cause to excuse his default. (Doc. 16, at 35-36). Petitioner has not demonstrated any error in this analysis.

Third and finally, Petitioner raises his age as cause. *See* Doc. 19, at 13-16. Petitioner raises this contention throughout his objections. As the Court explained above, and explains further below, it finds this argument unpersuasive in the context of objection number three and incorporates that analysis herein.

Petitioner's second objection is overruled.

Objection No. 3

In his third objection, Petitioner contends the Magistrate Judge failed to consider his status as a juvenile in assessing his claim of actual innocence to overcome procedural default. (Doc. 19, at 17-18). Specifically, he contends that "he is actually innocent of the crime because he was

mentally incompetent during the commission of the offense *due to* his juvenile status." *Id.* at 18 (emphasis added).

A procedural default may be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray*, 477 U.S. at 496). This standard requires a petitioner to "supplement[] a constitutional claim with a 'colorable showing of factual innocence.'" *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup*, 513 U.S. at 321; *see also Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024) (explaining a petitioner "must demonstrate that he *factually* did not commit the crime").

Plaintiff's age at the time of the offense is not new information, much less new evidence of factual innocence. Nor has Petitioner elsewhere presented any new evidence of factual innocence. *Cf. Casey v. Tennessee*, 399 F. App'x 47, 49 (6th Cir. 2010) ("Even if Casey is correct that the juvenile court's invalid transfer order entirely deprived the circuit court of jurisdiction to try him as an adult, the "new evidence" he adduces in support of that claim in no way indicates his factual innocence of the crime charged or his lack of competence to stand trial for that charge, bearing instead only on the legal sufficiency of the transfer proceedings."). And R&R correctly concluded Petitioner had not provided new reliable evidence of innocence. *See* Doc. 16, at 37-38.

Petitioner's third objection is overruled.

Objection No. 4

In his fourth objection, Petitioner objects to the R&R's conclusion that he had not shown cause to overcome the procedural default of Grounds Thirteen, Fourteen, and Twenty-Two.[5] The cited Grounds challenge the voluntariness of Petitioner's confession and whether he knowingly, intelligently, and voluntarily waived his *Miranda* rights. *See* Doc. 1, at 30, 32, 43. Such a claim was raised on direct appeal, but, as the R&R correctly notes, was defaulted when it was not timely appealed to the Ohio Supreme Court and when the Ohio Supreme Court denied Petitioner's motion for a delayed appeal. *See* Doc. 16, at 39-40. The R&R rejected Petitioner's grounds for cause to overcome the default, including (1) that he did not receive a copy of the appellate court decision addressing his motion for reconsideration, and (2) his alleged mental health issues and intellectual disability. *Id.* at 41-42.

First, Petitioner objects to the Magistrate Judge's rejection of his assertion that the appellate court did not send him a copy of its September 2023 decision denying reconsideration. (Doc. 19, at 19). The Magistrate Judge explained: "Forrester's assertion that the Ohio court of appeals did not send him a copy of its September 2023 decision denying reconsideration is belied by the record, which shows that the Ohio court of appeals sent him a copy of this decision." (Doc. 16, at 41) (citing Doc. 4-1, at 21, 506). Petitioner contends "Respondent has not produced a journal entry ordering Petitioner to be served a copy." (Doc. 19, at 19). The R&R correctly cites the state court

---

5. The header of this objection identifies it as directed to the finding of procedural default on the above-cited grounds. *See* Doc. 19, at 18. The first sentence of the body of the objection, however, states it is addressed to the procedural default of Grounds Three through Twelve. *See id.* In context, the Grounds identified in the first sentence of the section appear to be a typographical error. Petitioner's objection to the R&R's recommendation regarding Grounds Three through Twelve is Objection No. 2. *See id.* at 4-17.

docket, which affirmatively states that a copy of the appellate court's judgment entry was mailed to Petitioner. (Doc. 4-1, at 506). Petitioner's objection in this regard is therefore overruled.

Second, Petitioner contends "just because the journal entry docket sheet claims to have sent Petitioner a copy of the decision, does not necessarily mean that Petitioner received the notice." (Doc. 19, at 19). As he did to the Magistrate Judge, Petitioner asserts he did not receive a copy if it was sent and faults a new Ohio prison mail policy requiring legal mail to have a control number. *See id.* at 20. The R&R rejected these arguments, noting Petitioner had not provided any evidence beyond his own affidavit, and that "[n]otably, around the same time, [Petitioner] received other mail from the state courts, which undercuts his assertion that the prison's then-new legal mail policy prevented him from receiving court orders." (Doc. 16, at 41 n.1). But even if Petitioner's affidavit provides cause to excuse the default, most importantly, the R&R concluded, as to these Grounds:

> *Even if* the Court were to find that Forrester established cause to excuse the procedural default of these claims, Forrester has not shown prejudice. To demonstrate prejudice to overcome a procedural default, Forrester must show that the trial court committed an error that "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *See U.S. v. Frady*, 456 U.S. 152, 167, 170 (1982). Forrester has not done so. While Forrester references, in other contexts, his alleged mental health issues, intellectual disability, education, background, and intelligence, *see, e.g.*, Doc. 14, at 19, he has not shown that the trial court constitutionally erred when finding that Forrester validly waived his *Miranda* rights.

(Doc. 16, at 41-42) (emphasis added). When assessing prejudice, the Court considers whether the petitioner suffered actual prejudice as the result of the alleged constitutional violation. *Moore v. Carlton*, 74 F.3d 689, 691-93 (6th Cir. 1996). In so doing, the Court assumes the petitioner has stated a meritorious constitutional claim and goes on to determine whether actual prejudice resulted because of it—i.e., whether a different verdict would have resulted without the assumed constitutional error. *Id.*

Here, even if Petitioner could pass through the procedural gateway, his claim fails on the merits. The appellate court in this case affirmed the trial court's denial of Petitioner's motion to suppress. *Forrester I*, 2023 WL 5529928, at *3. Applying the relevant Supreme Court law, the court explained:

{¶ 14} In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966), the United States Supreme Court held a suspect must be notified of his/her constitutional rights to remain silent and to have counsel present during a custodial interrogation by the police. Before the interrogation can begin, the suspect must make a knowing, intelligent, and voluntary waiver of those rights. If these procedural safeguards are not complied with, the confession may not be admitted at trial as evidence against the accused. According to *Miranda* at 444:

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.

{¶ 15} In addition, a suspect's decision to waive his rights "is made voluntarily absent evidence that his will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct." *State v. Dailey*, 53 Ohio St.3d 88, 559 N.E.2d 459 (1990), paragraph two of the syllabus, following *Colorado v. Spring*, 479 U.S. 564, 574, 107 S.Ct. 851, 852-58, 93 L.Ed.2d 954 (1987). In determining voluntariness, we must look at the totality of the circumstances as set forth by the Supreme Court of Ohio in *State v. Edwards*, 49 Ohio St.2d 31, 358 N.E.2d 1051 (1976), paragraph two of the syllabus: "In deciding whether a defendant's confession is involuntarily induced, the court should consider the totality of the circumstances, including, the age, mentality, and prior criminal experience of the accused; the length, intensity and frequency of the interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement."

**Forrester's Arguments**

{¶ 16} We must first address the state's argument that Forrester has waived the argument that he was not properly advised of his right to remain silent because he did not adequately raise the argument below. Upon review of Forrester's motion to suppress we find the issue was adequately raised. First, the right to remain silent is necessarily included in standard *Miranda* warnings and Forrester challenged whether he knowingly, voluntarily, and intelligently waived the entirety of his *Miranda* warnings. Second, the final sentence of Forrester's motion argues he was

10

not properly advised of his right to remain silent. We therefore reject the state's forfeiture argument.

{¶ 17} The parties do not dispute that Forrester was in custody when questioned, and that *Miranda* warnings were therefore required. The parties also agree Forrester was 17-years-old at the time of the interview.

{¶ 18} Forrester was placed in a large interview room with Detectives Szaniszlo and Premier. Transcript of suppression hearing (T.) 11. He was provided with a written copy of his *Miranda* warnings and Szaniszlo went over the written warnings orally as outlined in our statement of facts. While Forrester was a juvenile when interviewed, he also had prior dealings with law enforcement and stated his rights had been read to him in the past. T. 13-14. There is no evidence to suggest the detectives mistreated, threatened, or induced Forrester in order to procure his waiver.

{¶ 19} Forrester argues, however, that he demonstrated difficulty understanding his waiver. He focuses on his response of "what?" when asked if he understood what it meant to waive his constitutional rights, and his response of "a little bit" when again asked the same question. Forrester never alleged he was in any way mentally deficient. Further, as noted by the trial court, while Forrester stumbled over the pronunciation of a couple words while reading aloud, he did not appear confused. Asked if he had any questions regarding his rights, Forrester shook his head no and signed the waiver. State's exhibit 1, Defendant's exhibit A. The Supreme Court of Ohio has held that *Miranda* warnings were proper and the confession was voluntary where a suspect was advised of his *Miranda* rights but never asked for a further explanation of them. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, at ¶ 71-72.

{¶ 20} Upon examination of the totality of the circumstances, we find the trial court did not err in finding Forrester understood and validly waived his *Miranda* rights.

*Id.* at *2-3.

Petitioner cannot demonstrate entitlement to relief. That is, even if Petitioner could pass through the procedural gateway for the Court to reach the merits of his claims, he cannot demonstrate that the state court decision on these claims was "contrary to, or an unreasonable application of," clearly established Supreme Court caselaw. 28 U.S.C. § 2254(d)(1). "This is a high bar." *Smith v. Cook*, 956 F.3d 377, 388 (6th Cir. 2020). "The text of § 2254(d)(1) . . . suggests that the state court's decision must be *substantially different* from the relevant precedent of [the

Supreme] Court." *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (emphasis added). The state appellate court reasonably applied *Miranda* here.

Petitioner's fourth objection is overruled.

Objection No. 5

In his fifth objection, Petitioner objects to the recommendation that the Court find Grounds Fifteen through Twenty-One procedurally defaulted. (Doc. 19, at 28-35). The R&R recommends the Court find these grounds, which were raised in Petitioner's post-conviction relief motion, defaulted based on the *res judicata* bar applied by the state court during such post-conviction proceedings. (Doc. 16, at 42-46). Petitioner's objections raise the same arguments he raised to the Magistrate Judge. He points to his alleged intellectual disability and mental illness, his age, his actual innocence and the state court's alleged misapplication of the *res judicata* bar. *See* Doc. 19, at 28-35.

The arguments in Petitioner's objections are in large part pasted verbatim from his Reply/Traverse. *Compare* Doc. 19, at 29-32, *with* Doc. 14, at 17-20. District courts in this circuit have consistently held a petitioner's objections fail the specificity test when they simply repeat arguments already presented to the magistrate judge without demonstrating the factual or legal *error* in the magistrate judge's analysis; such nonspecific objections do more than express dissatisfaction with, and general objection to, the R&R. *See, e.g.*, *Cannon v. Potter*, 2019 WL 4315931, at *3 (N.D. Ohio) (citing *Roach v. Hoffner*, 2016 WL 386151, at *1 (W.D. Mich.) ("Petitioner's objections essentially reiterate the same arguments he presented in his petition . . . [and] fail to demonstrate any factual or legal error in the Magistrate Judge's analysis, only Petitioner's dissatisfaction with, and general objection to, the Magistrate Judge's recommendation.")); *Green v. Andrews*, 2010 WL 1957482, at *6 (N.D. Ohio) (finding petitioner's

general objections "amount to approximately ten pages of text lifted verbatim" from the traverse and "do not serve the purposes of [Federal Civil Rule] 72(b), which requires the Court to conduct a *de novo* review only of the portions of the . . . R&R to which a party objects").

As to Petitioner's pasted arguments, the Court has reviewed them for clear error and found none. *See* 28 U.S.C. § 636(b)(1)(A).

Petitioner does specifically object to the Magistrate Judge's rejection of his claim that the state court misapplied the *res judicata bar*. *See* Doc. 19, at 28-29. He contends the Magistrate Judge incorrectly determined the affidavit Petitioner presented to the state court was not evidence outside the record (thus demonstrating misapplication of *res judicata*). *Id.* However, on *de novo* review, the Court agrees with the R&R's analysis explaining why the state court did not misapply the *res judicata* bar. *See* Doc. 16, at 44-45. Generally, under Ohio law, "the introduction in a [post-conviction] petition of evidence *dehors* the record . . . is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of *res judicata*." *State v. Cole*, 443 N.E.2d 169, 171 (Ohio 1982). But to fall within this exception to the res judicata doctrine, "it is not sufficient for the petitioner to simply present evidence outside the record, he must also demonstrate that the evidence *was not available at the time of his trial*, or at the time of his direct appeal." *State v. Jones*, 2002 WL 31812945, at *3 (Ohio Ct. App.) (emphasis added). As the R&R correctly explained, "the facts that Forrester describes in his affidavit were known to him and available on direct review." (Doc. 16, at 44).

Petitioner's fifth objection is overruled.

Objection No. 6

In his sixth and final objection, Petitioner objects to the Magistrate Judge's denial of an evidentiary hearing. (Doc. 19, at 36). At the outset, this is not an objection to the R&R itself, which

13

does not address an evidentiary hearing. *See* Doc. 16. This is thus not a proper objection to the R&R.

In a motion filed earlier in this case, Petitioner sought to expand the record. (Doc. 5). The Magistrate Judge denied that motion which sought to expand the record with his juvenile court bindover hearing transcript and a video and transcript of his police interview. (Doc. 8). Therein, the Magistrate Judge observed:

> *Evidentiary hearing*
> In his Motion, Forrester recites the legal standard that applies when a court decides whether to hold an evidentiary hearing. Doc. 5, at 5. But he hasn't asked for an evidentiary hearing, indicated why he believes he would be entitled to a hearing, or "specified what could be discovered through an evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). So to the extent that Forrester requests an evidentiary hearing, he is not entitled to one. *See id.*

*Id.* at 4. Petitioner then objected to that determination. (Doc. 9). The Court overruled that objection, finding the order not clearly erroneous or contrary to law. (Doc. 11, at 1) (citing 28 U.S.C. § 636(b)(1)(A)). The Court explained:

> Third and finally, Petitioner states the Magistrate Judge "erred when he denied the request for an evidentiary hearing on the juvenile court bindover records." (Doc. 9, at 4) (capitalization altered). But Petitioner provides no argument in this regard; he simply sets forth the law regarding evidentiary hearings. *See id.* Thus, Petitioner has not demonstrated the Magistrate Judge's denial of his request for an evidentiary hearing was clearly erroneous or contrary to law.

*Id.* at 2-3. In his Reply/Traverse to Respondent's Answer, Petitioner did not present any specific argument regarding his entitlement to an evidentiary hearing nor what such an evidentiary hearing would show. *See* Doc. 14.

In his objections, Petitioner now contends:

> Here, there is an insufficient record upon which to resolve Petitioner's procedural-default claims. For instance, Petitioner has not presented evidence regarding intellectual disabilities, his trial counsel's investigation into his intellectual abilities or their advice and communications with Petitioner on that issue. An evidentiary hearing would give Petitioner the opportunity to demonstrate why he did not timely

> file his Supreme Court appeal, [and] why his counsel did not raise and preserve on the record a claim that Petitioner was intellectually disabled as a juvenile child offender.

(Doc. 19, at 36). Petitioner did not present this argument to the Magistrate Judge and has thus forfeited it. S*ee Doss*, 2022 WL 1422805, at \*2; *Murr*, 200 F.3d at 902 n.1.

Moreover, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). First, as set forth above, even if Petitioner could demonstrate cause and prejudice to overcome the default of the *Miranda* claim he raised on direct appeal, he would not be entitled to habeas relief on that underlying claim. As such, an evidentiary hearing on the issue of "why he did not timely file his Supreme Court appeal," (Doc. 19, at 36), would not enable Petitioner to prove anything that would "entitle [him] to federal habeas relief," *Schriro*, 550 U.S. at 474. Second, to the extent Petitioner seeks an evidentiary hearing to prove he was incompetent or "innocent" merely because of his status as a juvenile at the time of the offense, as set forth above, such a claim would not entitle him to relief. The Court continues to find no error, clear or otherwise, in the Magistrate Judge's decision to deny Petitioner an evidentiary hearing. And, as the R&R correctly explained:

> Nor does Forrester's alleged mental disability, Doc. 14, at 14, serve as cause to excuse a procedural default. *See, e.g.*, *Stiltner v. Hart*, No. 5:13-cv-203, 2019 WL 5386477, at \*8 (E.D. Ky. Oct. 21, 2019) ("[I]ntellectual disability is never a factor external to the defense that excuses procedural default."). And Forrester has provided no evidence of a severe mental impairment. *See Johnson v. Wilson*, 187 F. App'x 455, 458 (6th Cir. 2006) ("[W]e hold that a borderline mental impairment is not cause for excusing procedural default.") (citing cases).

(Doc. 16, at 36). "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." *Stanford*

15

*v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (quoting *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991)).

Petitioner's sixth objection is therefore overruled.

<div align="center">CONCLUSION</div>

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Grimes's R&R (Doc. 16) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DISMISSED as set forth therein and herein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, nor that jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this Court's procedural ruling was correct, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

<div style="margin-left: 40%;">

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2026

</div>

<div align="center">16</div>