**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANTONIE L. FORRESTER,**

Petitioner,

v.

**WARDEN SHELBIE SMITH,**

Respondent.

CASE NO. 5:25 CV 710

JUDGE JAMES R. KNEPP II

**ORDER**

Currently pending before the Court is Petitioner Antonie L. Forrester's Motion for Relief from Judgment. (Doc. 23). Respondent Shelbie Smith filed an opposition. (Doc. 24).

On July 25, 2026, this Court overruled Petitioner's objections to Magistrate Judge James E. Grimes, Jr.'s Report and Recommendation (R&R), adopted that R&R, and dismissed Petitioner's Petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Docs. 20, 21.

On August 13, 2026,[1] Petitioner filed a Notice of Appeal. (Doc. 22). That appeal is pending before the Sixth Circuit Court of Appeals. *See Forrester v. Smith*, No. 26-3768 (6th Cir.).

On September 14, 2026, the Court received from Petitioner the present Motion for Relief from Judgment. (Doc. 23).[2]

---

1. Pursuant to the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). Petitioner represented he provided his Notice of Appeal to the prison mail room on August 13, 2026. *See* Doc. 22, at 2.
2. The Court received the filing on September 14, 2026. The Certificate of Service in Petitioner's filing states it was "served" on August 26, but does not contain a certification regarding its provision to the prison mail room. *See* Doc. 23, at 5. The envelope indicates the filing was mailed on September 9, 2026. (Doc. 23-6).

Because Petitioner filed a notice of appeal, this Court lacks jurisdiction to consider his Federal Civil Rule 60 Motion for Relief from Judgment.

"In general, filing a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992) ("It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court."). "After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion." *Pickens v. Howes*, 549 F.3d 377, 381 (6th Cir. 2008).

However, "[i]f the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in [the circuit court] for a remand of the case so that the district court can grant relief." *Id.* (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 359 n. 1 (6th Cir. 2001)).

The Court lacks jurisdiction over Petitioner's Motion as it was filed after he filed his Notice of Appeal. Moreover, the Court would not grant Petitioner's Motion even if it had jurisdiction. Petitioner's Motion asserts the basis therefor is "the undisputed fact that Petitioner has now obtained his juvenile court records and his mental health records." (Doc. 23, at 1). He contends these are relevant to Petitioner's cause and prejudice argument, actual innocence argument, and mental impairment argument. *Id.* at 3. Federal Civil Rule 60(b)(6), upon which Petitioner relies, provides that relief from judgment may be granted for "any other reason that justifies relief." Fed.

R. Civ. P. 60(b)(6).[3] "Relief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025); *see also Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) ("Rule 60(b)(6) should apply 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'") (quoting *Hopper v. Euclid Manner Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). The Court finds Petitioner has simply not demonstrated these records demonstrate an "exceptional or extraordinary circumstance" that entitle him to relief from this Court's Memorandum Opinion and Order (Doc. 20) adopting the Magistrate Judge's Report and Recommendation (Doc. 16) finding Petitioner's grounds for relief non-cognizable or procedurally defaulted.[4] Thus, the Court would not grant the Motion even if it had jurisdiction.

For the foregoing reasons, good cause appearing, it is

ORDERED that Petitioner's Motion for Relief from Judgment (Doc. 23) be, and the same hereby is, DENIED for want of jurisdiction; and it is

---

3. Subsections (1) through (5) of Rule 60(b) provide that relief for judgment may be granted in cases involving: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

4. With his Motion, Petitioner has filed over 450 pages of documents, including juvenile court records, educational records, and medical records. *See* Docs. 23-1 to 23-5. In opposition, Respondent argues the Ohio Juvenile Court rules bar juvenile court records from being used for any "public use," including by a party. *See* Ohio Juv. Ct. R. 37(B) ("No public use shall be made by any person, including a party, of any juvenile court record, including the recording or a transcript of any juvenile court hearing, except in the course of an appeal or as authorized by order of the court or by statute."). This Court's local rules also require redaction of certain personally identifiable information. In light of this, the Court will order the Clerk to restrict Documents 23-1, 23-2, and 23-5 to case participants.

FURTHER CERTIFIED that, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 15, 2026